UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

FLOYD E. BUTLER,              )
                              )
        Petitioner,           )
                              )
v.                            )     Case No. 22-CV-0009-CVE-SH
                              )
SCOTT NUNN,                   )
                              )
        Respondent.           )

## OPINION AND ORDER

Petitioner Floyd Butler, an Oklahoma prisoner appearing pro se,[1] petitions for a writ of habeas corpus, under 28 U.S.C. § 2254, claiming he is illegally detained under the judgment entered against him in the District Court of Tulsa County, Case No. CF-2008-4071, after a jury convicted him of sexual abuse of a minor child. Dkt. # 1, at 1; Dkt. # 9, at 1.[2] Butler claims (1) that the State of Oklahoma (the state) lacked jurisdiction to prosecute him given that he has "some Indian Blood" and he committed his crime "within 18 U.S.C. § 1151's Indian Country,"[3] and (2) that his attorney was ineffective for failing to challenge the absence of jurisdiction. Dkt. # 1, at 5-8, 10-12. As directed by the Court, respondent Scott Nunn filed a limited response addressing the

---

[1] Because Butler appears without counsel, the Court liberally construes his filings, but the Court does so without crafting arguments for him. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] For consistency, the Court's citations refer to the CM/ECF header pagination.

[3] Butler's claim that the state lacked jurisdiction appears to rely on McGirt v. Oklahoma, 140 S. Ct. 2452 (2020). In July 2020, the McGirt Court held that Congress has not disestablished the Muscogee (Creek) Nation Reservation, that the land within the boundaries of that reservation is therefore Indian country, as defined in 18 U.S.C. § 1151(a), and that certain crimes committed within the boundaries of that reservation by Native American defendants who are considered "Indian" under federal law must be prosecuted in federal court. 140 S. Ct. at 2474, 2479.

Court's question as to whether the petition should be dismissed as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations.  Dkt. ## 5, 9.  Having considered Butler's petition (Dkt. # 1), Nunn's limited response in opposition to the petition (Dkt. # 9), Butler's reply brief (Dkt. ## 11),[4] and applicable law, the Court concludes that the petition shall be dismissed as barred by the one-year statute of limitations.

I.

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for state prisoners seeking federal collateral review of a state-court judgment under 28 U.S.C. § 2254.  The limitation period "run[s] from the latest of" one of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[4] When the Court directed Nunn to file a limited response, the Court indicated in its order that it may order further briefs from the parties, if necessary.  Dkt. # 5, at 2.  The Court did not order either party to file any further briefs.  Nevertheless, after the Court entered the order directing Nunn to file a limited response, Butler filed: a motion on March 4, 2022 (Dkt. # 8), seemingly attempting to bolster the arguments he makes in the petition and purporting to seek release on bail; a motion and/or response to motion to dismiss on April 6, 2022 (Dkt. # 11), responding, in part, to the timeliness issue; a motion on April 14, 2022 (Dkt. # 12) that was docketed as a reply and appears to request relief under inapplicable laws or federal rules of civil procedure; a motion on April 28, 2022 (Dkt. # 13) that also appears to request relief under inapplicable laws and procedural rules and, in addition, reasserts arguments in the petition and purports to assert a new claim under Brady v. Maryland, 373 U.S. 83 (1963); and two reply briefs on June 2, 2022, and July 25, 2022 (Dkt. ## 15, 16) responding to Nunn's response in opposition to the April 28, 2022, motion.  The leniency that courts must provide when reading filings drafted by pro se litigants does not require courts to permit pro se litigants to abuse the judicial process by filing duplicative or frivolous motions or unrequested briefs.  Even generously construed, Butler's motions effectively seek the same relief as his habeas petition—namely, release from state custody under a criminal judgment that he contends is "void" for lack of jurisdiction.  See Dkt. ## 8, 13, generally.  Because these motions do not seek any relief beyond the request for habeas relief he makes in the petition, the Court denies the motion filed March 4, 2022 (Dkt. # 8) and the motion filed April 28, 2022 (Dkt. # 13).  Further, while Butler filed two unrequested briefs in response to Nunn's limited response in opposition to the petition, only the reply brief Butler filed on April 6, 2022 (Dkt. # 11) appears to address the timeliness issue.  Because that reply brief would have been timely had the Court requested it, the Court has considered Butler's arguments in that brief in determining whether to dismiss the petition as barred by the statute of limitations.

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But a properly filed application for postconviction relief or other collateral review tolls the limitation period only if it is filed before the limitation period expires. Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Because the AEDPA's one-year limitation period is not jurisdictional, federal courts may, in rare or exceptional circumstances, toll the limitation period for equitable reasons. Holland v. Florida, 560 U.S. 631, 645 (2010); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).[5] To obtain equitable tolling, the petitioner must identify specific facts showing (1) that the petitioner acted with reasonable diligence in pursuing federal claims challenging a state-court judgment and (2) that extraordinary circumstances prevented the petitioner from filing a timely federal habeas petition seeking relief as to those

---

[5] Federal courts also may excuse noncompliance with the statute of limitations if the petitioner makes "a credible showing of actual innocence." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013). Even applying the rule of liberal construction, the Court does not read Butler's vague references to "actual innocence" and "miscarriage of justice" as asserting a colorable claim that he is factually innocent of the crime for which he was convicted. Rather, his complaint is that the state improperly exercised criminal jurisdiction when it prosecuted him for that crime. Dkt. # 1, at 5-8, 11-12. And that complaint does not support application of the actual-innocence exception recognized in Perkins. Pacheco v. El Habti, 48 F.4th 1179, 1186-90 (10th Cir. 2022).

3

claims. Holland, 560 U.S. at 649; Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008).

## II.

Nunn contends (1) that the petition is untimely under § 2244(d)(1)(A), (2) that Butler has not shown that the petition is timely under any other provision of § 2244(d)(1), and (3) that Butler has not shown that equitable tolling is warranted. Dkt. # 9, at 4-12. Butler contends the petition is not barred by the statute of limitations because a claim challenging the trial court's subject-matter jurisdiction cannot be waived and may be raised at any time. Dkt. # 1, at 10-12; Dkt. # 11, at 1, 10, 15. Butler also appears to contend (1) that the petition is timely under § 2244(d)(1)(B), because "the state judicial system has impeded [him] throughout [his] false imprisonment . . . from adequately pursuing his habeas corpus," and (2) that he is eligible for equitable tolling of the limitation period, because he "has been diligently pursuing his habeas corpus" but prison lock downs either prevented or limited his access to legal forms and research materials. Dkt. # 11, at 17-22.

For three reasons, the Court rejects Butler's arguments and agrees with Nunn that the one-year statute of limitations bars relief.

### A.

First, the petition is not timely under § 2244(d)(1)(A). Under that provision, the one-year limitation period begins to run on the date that the challenged state-court judgment becomes final. For petitioners who seek direct review of a state-court judgment, the judgment becomes final when the last reviewing court issues a final decision affirming the judgment. Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). For petitioners who do not seek direct review, the judgment becomes final when the time expires to seek direct review. Id. Butler seeks to collaterally attack a state-court judgment that was entered against him in November 2009. Dkt. # 9, at 1. He sought direct review

of the judgment through an out-of-time appeal filed in the Oklahoma Court of Criminal Appeals (OCCA), and the OCCA affirmed his judgment on October 17, 2011. Dkt. # 9, at 2; Dkt. # 9-1, at 1, 9. Butler did not file a petition for writ of certiorari in the United States Supreme Court to seek further direct review. Dkt. # 1, at 3. As a result, Butler's judgment became final on January 17, 2012, when the time expired to seek further direct review. Gonzalez, 565 U.S. at 150; see also Jimenez v. Quarterman, 555 U.S. 113, 122 (holding that when a state court permits a petitioner to file a direct appeal out of time, the date on which a petitioner's judgment became final under the AEDPA "must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal"). Butler's one-year limitation period, under the AEDPA, commenced the next day, January 18, 2012, and expired on January 18, 2013.

      Butler cannot benefit from statutory tolling of this one-year limitation period because he did not file any applications for postconviction relief or other collateral review until December 2017, when he filed a petition for writ of habeas corpus in the Oklahoma Supreme Court. Dkt. # 9-2, at 21-23; Dkt. # 9-4, at 1; see Clark, 468 F.3d at 714 (explaining that motions and applications filed after expiration of the limitation period do not qualify as tolling motions under § 2244(d)(2)). And, even liberally construed, Butler's references to his diligent pursuit of habeas claims and his alleged lack of access to research materials due to prison lock downs that occurred on unknown dates do not identify any specific facts establishing that extraordinary circumstances prevented him from filing a federal habeas petition before this one-year limitation period expired. Holland, 560 U.S. at 649; Gibson, 232 F.3d at 808. Thus, nothing in the record suggests that this one-year limitation period should be tolled for equitable reasons.

In short, the instant petition, filed December 22, 2021,[6] is clearly untimely under § 2244(d)(1)(A).

**B.**

Second, Butler has not demonstrated that any other provision of § 2244(d)(1) provides him a later commencing one-year limitation period. Butler appears to suggest that his one-year limitation period commenced at some later date under § 2244(d)(1)(B). Under that provision, the one-year limitation period begins to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B).

As previously stated, Butler asserts that the "the state judicial system has impeded [him] throughout [his] false imprisonment . . . from adequately pursuing his habeas corpus." Dkt. # 11, at 17. But, to the extent the Court understands this argument, Butler appears to argue that the alleged impediments that prevented him from filing a timely habeas petition to assert a claim challenging the trial court's jurisdiction are state-court decisions that denied Butler postconviction relief as to that claim. Dkt. # 11, at 17-18. As discussed, Butler did not begin pursuing postconviction relief in state court as to that claim until December 2017. Even assuming Butler experienced delays or, in his view, state-created impediments, between 2017 and 2021 while he was actively pursuing his claims in state court, that does not explain Butler's own delay in waiting

---

[6] The Clerk of Court received the petition on January 6, 2022, and the envelope it arrived in is postmarked January 4, 2022. Dkt. # 1, at 1, 14. But Butler declares, under penalty of perjury, that he placed the petition in the prison's legal mail system on December 22, 2021. Dkt. # 1, at 13. The Court thus deems the petition filed on December 22, 2021. Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. Even so, the petition is untimely under § 2244(d)(1)(A).

until nearly a decade after his judgment became final to file a federal habeas petition or show that unfavorable decisions from the state courts, between 2017 and 2021, otherwise rendered him incapable of filing a timely federal habeas petition.

On the record presented, the Court concludes that § 2244(d)(1)(B) does not apply. And, even generously construing Butler's arguments, the Court does not read them as suggesting that the petition is timely under either § 2244(d)(1)(C) or (d)(1)(D). Thus, the only provision that applies is § 2244(d)(1)(A) and, as just discussed, the petition is untimely under that provision.

### C.

Third, Butler argues that his claim challenges the convicting court's subject-matter jurisdiction and, thus, cannot be waived and can be raised at any time without regard to the AEDPA's one-year statute of limitations. Dkt. # 1, Dkt. # 1, at 10-12; Dkt. # 11, at 1, 10, 15. This argument, however, lacks merit. See Pacheco, 48 F.4th at 1190 ("When Congress enacted the limitations period in AEDPA, it discerned no reason to provide a blanket exception for jurisdictional claims."); Murrell v. Crow, 793 F. App'x 675, 678-79 (10th Cir. 2019) (unpublished)[7] (rejecting habeas petitioner's argument "that because a litigant can generally challenge a court's subject-matter jurisdiction at any time, § 2244(d)(1) does not apply to his claim that the trial court lacked jurisdiction to accept his plea" and "reasoning that "the jurisdictional nature of [the petitioner's] due-process claim" did not bar dismissal of that claim as untimely); Cole v. Pettigrew, No. 20-CV-0459-JED-CDL, 2021 WL 1535364, at *2-3 (N.D. Okla. Apr. 19, 2021) (unpublished) (explaining that "the plain language of § 2244(d)(1)'s one-year statute of limitations makes no exception for claims challenging subject-matter jurisdiction").

---

[7] The Court cites this unpublished decision, and other unpublished decisions herein, as persuasive authority. FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

7

In other words, a claim challenging the convicting court's jurisdiction is subject to the AEDPA's one-year statute of limitations and may be dismissed if it is untimely.

### III.

For the reasons stated, 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations bars relief as to the claims Butler asserts in the petition. The Court therefore dismisses the petition for writ of habeas corpus, with prejudice. And, because Butler's noncompliance with the statute of limitations constitutes a plain procedural bar, the Court declines to issue a certificate of appealability. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Butler's motion filed March 4, 2022 (Dkt. # 8) is **denied**;

2. Butler's motion filed April 28, 2022 (Dkt. # 13) is **denied**;

3. the petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**;

4. a certificate of appealability is **denied**; and

5. a separate judgment shall be entered in this matter.

**DATED** this 16th day of November, 2022.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE